David P. HOLLAND, Petitioner,

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, Respondent.**

No. 04–3203.

United States Court of Appeals, Federal Circuit.

DECIDED: Oct. 13, 2004.

Rehearing Denied Dec. 8, 2004.

Before RADER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.

RADER, Circuit Judge.

The Merit Systems Protection Board (Board) determined that Mr. David P. Holland's resignation from the Federal Deposit Insurance Corporation (FDIC) was voluntary. *Holland v. FDIC,* No. DA–0752–02–0511–I–1, 95 M.S.P.R. 626, 2004 WL 489078 (M.S.P.B. Mar. 9, 2004) (Final Order). Thus, the Board denied Mr. Holland reinstatement to a similar position, back pay, and other relief. The Board's decision is *affirmed.*

**BACKGROUND**

David Holland began work for FDIC on January 20, 1987, in Tulsa, Oklahoma. On July 26, 1992, Mr. Holland was reassigned to the Oklahoma City office. Less than one year later, FDIC decided to close the Oklahoma City office, and offered Mr. Holland the possibility of reassignment to Dallas or another FDIC Legal Division Office. On June 9, 1993, Mr. Holland inquired to the Office of Personnel Management (OPM) about his decision to relocate, asking in relevant part:

> As you know, on October 31, of this year the Oklahoma City Consolidated Office will close. As a GG employee I will have the opportunity to relocate. However, before making a decision, I need to know the following:
>
> 1) On October 12, 1993, I will be 55 years old but with only 6 years and 10 months of service. Would I be eligible for some form of early retirement. [sic] If so, aprox. how much per month would I be paid. [sic] Also, would I be eligible for health insurance coverage and, if so, at what cost to me per month. . . .

On June 10, 1993, Katherine L. Fenner, a personnel specialist of OPM, responded to Mr. Holland indicating that as of October 15, 1993, he would

> have 3 yrs., 4 mos., and 14 days of creditable civilian service under the Federal Employees Retirement System [and] 1 yr., 11 mos., and 11 days of civilian federal service [for which] a deposit is required in order for this service to be used as creditable toward retirement ... Your total creditable civilian service is 5 yrs., 3 mos., and 25 days as of 10–31–93. Therefore, you are ineligible for any retirement under the FERS retirement system [sic], except for disability retirement.

(Minor changes made in punctuation).

In an October 15, 1993 memo to FDIC, Mr. Holland wrote, "I regret that ... I must decline a relocation ... I understand that as a consequence[,] my employment with FDIC will end on [October 31, 1993]." At some point after his resignation and through discussions with employees of OPM, Mr. Holland discovered that a deferred annuity beginning at age sixty-two would have been available to him for his five years, three months, and twenty-five days of creditable service if he had made an appropriate deposit for the one year, eleven months, and eleven days for his civilian federal service.

Beginning in 2000, Mr. Holland applied to OPM to allow him to make the deposit. OPM denied this request on October 22, 2001. Following OPM's decision, Mr. Holland appealed to the Board. At the same time, Mr. Holland also appealed his separation from FDIC, seeking reinstatement and back pay and benefits for the intervening period. He contended that his resignation was involuntary because of his reliance on the misleading retirement information from OPM and FDIC.

The Board denied his appeal for reinstatement in an initial decision. *Holland v. FDIC,* No. DA–0752–02–0511–I–1 (M.S.P.B. Mar. 31, 2003) (Initial Decision). The determination was made final on March 9, 2004. Mr. Holland timely appealed to this court under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

By statute, our review of a final decision from the Board is limited. A Board decision may not be set aside unless it is: (1) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedure required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000).

In order for Mr. Holland's request for reinstatement to be successful, he has the burden of overcoming the presumption that his resignation was voluntary. *Herrin v. Dept. of Air Force,* 95 M.S.P.R. 536, 542 (2004). An employee can overcome the presumption by showing that resignation resulted from reasonable reliance on agency misinformation. *Id.* However, an employee's decision to resign must materially rely on any such misinformation in order to render the resignation involuntary. *Filliben v. Dept. of Navy,* 34 M.S.P.R. 31, 34 (1987). This court held that employees faced with the unpleasant choice of either resigning or facing a removal action does not rebut the presumption of a voluntary choice. *Schultz v. Dept. of Navy,* 810 F.2d 1133, 1136–37 (Fed.Cir.1997); *see also Filliben,* 34 M.S.P.R. at 34 (choice between demotion and resignation does not render a resignation involuntary).

Mr. Holland argues vigorously that his decision to decline relocation and resign was based on the allegedly false information regarding retirement. To the con-

trary, several statements by Mr. Holland indicate that he did not rely on the allegedly false or misleading retirement information in making his decision to resign. For example, the text of the resignation memo to FDIC is unambiguous in expressing his intent to decline a relocation position and resign. Mr. Holland also indicated that his decision to resign "was not based on retirement benefit considerations," and that he "might have resigned or [he] might not have" if he had been given correct information.

Moreover, Mr. Holland did not request reinstatement until after his application to OPM to make the required deposit to receive an annuity was denied, years after discovering the alleged misrepresentation that Mr. Holland claims influenced him to resign.

Mr. Holland's decision to resign does not reasonably arise from having been given allegedly incorrect information. Mr. Holland's inquiry into whether or not he would be eligible for "early retirement" indicates that he was trying to find a reason to *reject* a relocation assignment rather than accept one. Even if OPM had given Mr. Holland explicit details on how he could qualify for an annuity starting at age sixty-two by making the appropriate deposit, it seems unlikely that such information would have been reason to stay with FDIC. Rather, a future annuity would likely have given Mr. Holland increased freedom to begin his solo law practice in his hometown, as he indicates in his brief, rather than inspiring him to relocate with FDIC.

Additionally, the information given to Mr. Holland by Ms. Fenner, including information in a telephone conversation referred to by Mr. Holland, indicated that eligibility would begin after ten years of service. Mr. Holland should at least have understood that by making the necessary deposits to bring his creditable service to just over five years, he would only have to work less than five more years to be eligible for retirement. *Id.* at 6. Again, this information provides an incentive to stay with FDIC, so that a retirement could be earned with less than five additional years, rather than resigning.

Thus, the record supports the Board's holding that Mr. Holland's resignation was voluntary. Mr. Holland's own actions and testimony indicate that he did not base his decision to resign on any information related to retirement. This court need not address whether the Board erred in holding that OPM gave correct information to Mr. Holland regarding his retirement options. Because substantial evidence supports the Board's finding that Mr. Holland's retirement was voluntary, this court affirms the Board's decision.